**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHURST LAND AND CATTLE, LLC; et al., | No. 13-56204 |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-01328-BEN-BLM |
| v. | |
| RANCHO MOUNTAIN PROPERTIES, INC., a Delaware corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| DOES, 1 through 100 and FIDELITY NATIONAL TITLE CORPORATION, a Nebraska corporation, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted July 9, 2015[]
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Ashurst Land and Cattle, LLC, Ray Gray, and Linda Gray ("Plaintiffs") appeal the district court's order granting defendant Rancho Mountain Properties, Inc.'s ("Rancho") motion to dismiss pursuant to Rule 12(b)(6). Reviewing the district court's order de novo, *see Andersen v. DHL Ret. Pension Plan*, 766 F.3d 1205, 1210 (9th Cir. 2014), we affirm.

**1.** The district court properly concluded that Plaintiffs lack standing to raise the alleged unlawful foreclosure claims, as such claims are exclusive property of the bankruptcy estate. "[T]he bankruptcy code endows the bankruptcy trustee with *the exclusive right* to sue on behalf of the estate." *Estate of Spirtos v. Superior Court*, 443 F.3d 1172, 1176 (9th Cir. 2006) (emphasis added); *see also* 11 U.S.C. § 323(b). Also, all claims arising out of the Ashurst Ranch property were released by the bankruptcy trustee in its settlement agreement with Rancho, and so may no longer be litigated.

**2.** Acknowledging they lack standing to bring claims arising from the alleged foreclosure as to any real property, Plaintiffs contend that they should be

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

granted leave to amend their complaint to raise claims relating to personal property at Ashurst Ranch. "Dismissal without leave to amend is reviewed for abuse of discretion." *Loos v. Immersion Corp.*, 762 F.3d 880, 886 (9th Cir. 2014). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The district court did not abuse its discretion by dismissing Plaintiffs' claims with prejudice. Although leave to amend is to be given liberally, there is considerable evidence suggesting that Plaintiffs brought this action, which has heretofore centered on the real property, in bad faith, and that the ensuing uncertainty regarding Ashurst Ranch's legal status has caused significant delay and prejudice to Rancho. Moreover, Plaintiffs were already afforded an opportunity to amend their complaint. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to [his] claims, the district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted)).

3

Finally, any amendments would likely be futile. Plaintiffs do not explain specifically how they would plausibly amend the complaint to confer standing. In response to Rancho's argument that it conducted a "unified foreclosure sale," in which Rancho took ownership of all real and personal property on Ashurst Ranch, Plaintiffs simply assert, without any further factual representations, that Pfau, Pfau & Pfau, LLC, the subject of the underlying bankruptcy proceedings, "did not own the personal property at issue." Furthermore, Plaintiffs do not respond to Rancho's arguments that, even if they had standing, they fail to state a claim for ten of their thirteen causes of action. That Plaintiffs do not "propose any specific allegations that might rectify their failure . . . demonstrat[es] [] their inability . . . to make the necessary amendment." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

In sum, all of the factors counsel against granting Plaintiffs leave to amend in this case.

**AFFIRMED.**